CA 05-194E

# EXHIBIT

## "A"

*ORIGINAL*

CA05-194E

**RECEIVED**

JUN 2 2 2005

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
          Plaintiff

                                   :

          vs.                      :    CRIMINAL NO. 1:CR-93-117-02
                                        CIVIL ACTION NO. 1CV-97-222
                                   :

JOHN BAX,                                       **FILED**
          Defendant               :        HARRISBURG, PA

                                            MAY 2 3 1997

          M E M O R A N D U M           MARY E. D'ANDREA, CLERK
                                        Per_____
                                              Deputy Clerk

          Before us is a petition filed by Defendant, John Bax, to

vacate, set aside, or correct his sentence, filed pursuant to 28

U.S.C. § 2255.


I.    <u>Background</u>

          On August 2, 1993, Defendant was charged in a

superseding indictment with conspiracy to distribute crack cocaine

(Count I), and with possession of crack cocaine with intent to

distribute (Count II).  On October 4, 1993, the Government filed

an information charging Defendant with three prior convictions,

pursuant to 21 U.S.C. § 851.

          On October 12, 1993, after a two day trial, a jury found

Defendant guilty on Count I and not guilty on Count II.  On

January 5, 1994, Defendant's motion for judgment of acquittal or a

new trial was denied.  On February 17, 1994, defendant was

sentenced to a term of imprisonment of 286 months, based in part

on a finding that he is a career offender under U.S.S.G. § 4B1.1. The sentence was affirmed in a judgment order by the Court of Appeals for the Third Circuit on August 18, 1994.

Defendant filed the Section 2255 motion now before us on February 13, 1997.  This is his first attempt at post-conviction relief.

In the motion, Defendant argues that his Fifth Amendment right to due process was violated by defects in the jury charge, by the Government's knowing use of false testimony at trial, and by his classification as a career offender for sentencing purposes.  Defendant also argues that his Sixth Amendment right to effective assistance of counsel was violated by his counsel's failure to raise these issues, either before this court or on appeal.

II.  <u>Discussion</u>

A.  **Defects in Jury Charge**

Defendant argues that we improperly charged the jury on the Government's burden of proof, and that our answer to the jury's questions amended the indictment to conform to the evidence and understated the burden of proof.

In assessing Defendant's contention that the jury charge was defective, we must bear in mind the Third Circuit's statement in <u>Polsky v. Patton</u>, 890 F.2d 647 (3d Cir. 1989):

The Supreme Court has applied the harmless error analysis to jury instructions, stating that particularly on collateral attack the petitioner's burden "is even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 154, 97 S. Ct. 1730, 1736-37, 52 L. Ed. 2d 203 (1976). It has explained that, "[t]he question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' Cupp v. Naughten, 414 U.S. [141, 146-47, 94 S. Ct. 396, 400, 38 L. Ed. 2d 368 (1973)], not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.' Id. at 146 [94 S. Ct. at 400]." Henderson, 431 U.S. at 154, 97 S. Ct. at 1737.

890 F.2d at 650.

### 1. Conspiracy

In response to questions from the jury after deliberations had begun, we gave an extensive summary of the original instruction, with certain elaborations responsive to the jury's questions. Defendant objects to the following language in this supplemental instruction:

You must find that: (1) That the defendant that you're considering undertook with another in a sort of partnership to engage in drug dealing, and in order to find a defendant guilty it is not necessary that it be shown that he engaged in the agreement with the other defendant. It's just that if you're considering Defendant A, did he agree with anybody to engage in the conspiracy that is set forth in the indictment, he may have agreed with Defendant B, he may have agreed with X or Y, as long as it is the conspiracy which alleges that unknown and unnamed people were part of the conspiracy. I hope that's not confusing. Okay.

3

(N.T. Jury Charge at 20). Defendant argues that this charge was a constructive amendment of the indictment, and understated the Government's burden of proof, and as such constitutes reversible error.

While the portion of the charge quoted above, when read in isolation, might appear unclear, when it is placed in context it is apparent that the supplemental conspiracy charge neither amended the indictment nor understated the burden of proof. <u>See United States v. Vebeliunas</u>, 76 F.3d 1283, 1290 (2d Cir.), <u>cert. denied</u>, 117 S. Ct. 362, 136 L. Ed. 2d 253 (1996).

Shortly before the portion of the charge quoted above, we instructed the jury that:

> In count 1 of this indictment is set forth the nature and extent of the conspiracy, and you should read that. *Unless you find beyond a reasonable doubt that the government has proved the existence of the conspiracy alleged in the indictment, these defendants must be acquitted.*

(N.T. Jury Charge at 18 (emphasis added)). This made clear to the jury in plain and simple terms that Defendant could be found guilty of conspiracy only if the Government proved beyond a reasonable doubt that he engaged in the conspiracy alleged in the indictment. Taken together with the general instruction given on the burden of proof, (<u>see</u> N.T. Jury Charge at 3-4), this charge properly instructed the jury on the Government's burden, and on the conspiracy charged in the indictment. Defendant's due process

4

rights were not prejudiced, and his counsel would have had no basis to raise an objection.

### 2. Burden of proof

Defendant next argues that the charge given on the Government's burden of proof was defective, because it differs from the pattern charge. This argument is specious. Defendant has identified no authority suggesting that failure to conform to a pattern jury charge is a *per se* violation of his Constitutional rights, and has been unable to identify any substantive defect in our instructions on proof beyond a reasonable doubt. The charge given properly laid out the Government's burden of proof.

### B. Use of False Testimony

Kevin Monroe was one of several witnesses called by the Government at trial. Defendant suggests that Monroe testified falsely, and that this use of false testimony by the Government deprived Defendant of a fair trial. See United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992); Giglio v. United States, 405 U.S. 150, 153, 92 S. Ct. 763, 766, 31 L. Ed. 2d 104, 108 (1972).

Even if Monroe's testimony was perjurious, and the Government knew it to be so, Defendant is not entitled to relief unless he can show that he was prejudiced by this perjury. Robinson v. Arvonio, 27 F.3d 877 (3d Cir. 1994), vacated on other grounds, 115 S. Ct. 1247, 131 L. Ed. 2d 129 (1995).

5

AO 72A
(Rev. 8/82)

Monroe's alleged perjury was his denial that his testimony at Defendant's trial was in exchange for a promise from the Government for leniency in separate criminal charges pending against Monroe himself.  (See N.T. Trial at 125).

Defendant has suggested no basis whatsoever for his belief that this testimony was perjurious.  Even if it was, Defendant was not prejudiced.  Even if Monroe had testified that his testimony was given in the expectation that he would receive a more lenient sentence in the charges pending against him as a result, the jury might have found him credible nonetheless. Defendant's trial counsel went to some length to cast doubt on Monroe's credibility, cross-examining him extensively on his past use of false names and his desire to please the law enforcement agents who interviewed him.  (See N.T. Trial at 127-34).  Given the doubt Defendant attempted to cast on Monroe's credibility, it is unlikely that the alleged perjury would have changed the jury's tendency to believe or disbelieve his substantive testimony.

More fundamentally, the jury was faced with overwhelming evidence of Defendant's guilty, even if it chose to disregard Monroe's testimony altogether.  A maid at the Travel Lodge Motel, where Defendant was staying during the period in which he was involved in the conspiracy charged in Count I, testified that she saw Defendant and others packaging some product in their room. She testified that, while cleaning the room, she found small plastic bags of the sort often used to package cocaine, and a

6

white powder residue that she was able to identify as cocaine, based upon her own use of the drug.

In addition, Joe Nesbitt testified that he sold cocaine on Defendant's behalf. He described an ongoing pattern in which he would obtain crack cocaine from Defendant, which he would then sell, and turn the proceeds over to Defendant.

When Defendant was arrested, he was in possession of a key to Room 214 at the Travel Lodge Motel. In that room, officers found plastic bags of the sort used to package cocaine, large sums of cash, rental papers for paging machines, and a white, non-narcotic substance that a Drug Enforcement Agency agent testified resembled a "cutting agent" used to make crack cocaine.

Even without Monroe's testimony (that he was introduced to Defendant as a source from which he could purchase cocaine), the jury was faced with overwhelming evidence that Defendant was guilty of conspiracy to possess crack cocaine with the intent to distribute. Defendant could not have suffered any actual prejudice from the alleged perjury.

### C.    Classification as Career Offender at Sentencing

Defendant also challenges his sentencing as a career offender. Under the Sentencing Guidelines,

> A defendant is a career offender if (1)
> the defendant was at least eighteen years old
> at the time of the instant offense, (2) the
> instant offense of conviction is a felony that
> is either a crime of violence or a controlled
> substance offense, and (3) the defendant has

7

> at least two prior felony convictions of
> either a crime of violence or a controlled
> substance offense.

U.S.S.G. § 4B1.1.  For this provision to apply, the prior felony convictions must have occurred prior to the commission of the instant offense.  U.S.S.G. § 4B1.2(3).  Defendant argues that he did not have two prior felony convictions at the time of the offense charged in Count I.

Count I charges Defendant with engaging in a conspiracy between January and May of 1993.  The evidence adduced at trial indicated that Defendant's actual participation in the conspiracy began when he came to York in mid-April 1993, and continued until his arrest on May 28, 1993.  (N.T. Trial at 47, 58, 65-67, 72, 156-57, 159-61).

The Section 841 Information filed by the government suggests that Defendant had the following prior convictions:

(1)  Sentenced August 2, 1993 on Indictment NO. N11083-93 in the Supreme Court of New York, Queens, New York to 5-10 years for Criminal Possession of a Controlled Substance.

(2)  Sentenced August 2, 1993 on Indictment No. N13327-92 in the Supreme Court of New York, Queens, New York to 5-10 years for Criminal Possession of a Controlled Substance.

(3)  Sentenced July 6, 1988 on Indictment No. 6078-87 in the Supreme Court of New York, Queen[s], New York to 1 to 3 years for the Criminal Sale of a Controlled Substance.

8

The presentence report also lists these prior convictions, and recommends that they be used in sentencing Defendant as a career offender.

Defendant suggests that because he was not sentenced for offenses (1) and (2) until August 2 of 1993, they can not be used to classify him as a career offender.

The Guidelines provide that for purposes of determining if a defendant has "two prior felony convictions":

> The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*.

U.S.S.G. § 4B1.2(3).  The date of sentencing for the prior offenses is therefore immaterial.  So long as Defendant's guilt in the prior offenses was established prior to his involvement in any part the conspiracy charged in Count I, he was properly sentenced as a career offender.

The Government has submitted certified copies of court records from Queens County, New York, which indicate that Defendant pled guilty to offenses (1) and (2) on April 7, 1993. His guilt in these prior offenses was therefore established on that date for purposes of Section 4B1.1: prior to the commission of the instant offense (which the testimony at trial showed was ongoing throughout April and May of 1993).  Defendant was properly sentenced as a career offender.

9

**D.  Concurrent Sentencing**

Finally, Defendant argues that his attorney failed to request that his federal sentence run concurrently with sentences which he is serving in New York State.  Defendant suggests that under U.S.S.G. § 5G1.3, he was entitled to have his federal and state sentences run concurrently.

Section 5G1.3 provides that a federal sentence should run concurrently with an undischarged state sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense."  U.S.S.G. § 5G1.3(b).  The Guidelines Commentary explains that:

> Subsection (b) . . . addresses cases in which the conduct resulting in the undischarged term of imprisonment has been fully taken into account under §1B1.3 (Relevant Conduct) in determining the offense level for the instant offense.  This can occur, for example, where a defendant is prosecuted in both federal and state court, or in two or more federal jurisdictions, for the *same criminal conduct* or for different criminal transactions that were *part of the same course of conduct*.

U.S.S.G. § 5G1.3, Application Note 2 (emphasis added).

Defendant's New York State convictions are for two charges of criminal sale of controlled substances, and one charge of robbery.  Defendant was sentenced to five to ten years imprisonment on each of these convictions.

10

These prior convictions do not address criminal acts which were part of the "same course of conduct" as the conspiracy addressed in the conviction in this Court.  The arrests in the New York convictions occurred in April, July, and December of 1992. Defendant was convicted in this Court of conspiring to possess with intent to distribute between January and May of 1993.  The New York sentences are for criminal transactions unrelated to the conspiracy for which he was sentenced, and Defendant was not entitled to a concurrent sentence under U.S.S.G. § 5G1.3.

We will issue an appropriate order

William W. Caldwell
United States District Judge

Date: May 23, 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,          :
       Plaintiff
                        :

     vs.                  :    CRIMINAL NO: 1:CR-93-117-02
                            CIVIL ACTION NO. 1:CV-97-222
                        :

JOHN BAX,
        Defendant      :

FILED
HARRISBURG, PA
MAY 2 3 1997
MARY E. D'ANDREA, CLERK
Per _____
              Clerk

O R D E R

     AND NOW, this 23rd day of May, 1997, upon consideration
of Defendant's motion under 28 U.S.C. § 2255, filed February 13,
1997 (Doc. No. 121), it is ordered that:

     1.  The motion is denied.

     2.  The Clerk of Court shall close this
file.

It is certified that any appeal from this order is frivolous, is
not taken in good faith, and is lacking in probable cause.


                                   _____
                                   William W. Caldwell
                                   United States District Judge

AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
      Plaintiff

                      :

      vs.               :   CRIMINAL NO.  1:CR-93-117-02

                      :

JOHN BAX,
      Defendant     :

**FILED**
**HARRISBURG, PA**
**FEB 2 0 2001**
**MARY E. D'ANDREA, CLERK**
Per _____
         Deputy Clerk

M E M O R A N D U M

I.    Introduction.

      The Defendant, John Bax, is serving a 286-month sentence for conspiracy to distribute crack cocaine.  Under Fed. R. Crim. P. 35(a) and 18 U.S.C. § 3582(c)(1)(A)(i), he has filed a pro se motion to correct an "illegal sentence."

      The Defendant makes the following claims.  First, under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence is unconstitutional because it was imposed without the government's having to prove (1) the drug quantity to a jury (2) beyond a reasonable doubt.  Second, again under Apprendi, his sentence is unconstitutional because it was imposed without the government's having to prove to a jury that he had conspired to distribute crack cocaine rather than some other form of cocaine.  Third, as a result of the two previous errors, the Defendant's base offense level was increased when his status as a career offender was applied to his offense.  Fourth, the

Defendant did not qualify as a career offender.  Fifth, the Defendant is entitled to a downward departure based on extraordinary postconviction rehabilitation.

We will deny the motion because the arguments the Defendant raises cannot be considered under Rule 35(a), and because a defendant is not a proper movant under section 3582(c)(1)(A)(i).

II.   Background.

On August 2, 1993, Bax was charged in a superseding indictment with conspiracy to distribute "in excess of fifty grams of cocaine and cocaine base, a/k/a 'crack cocaine'" (Count I) between January and May of 1993, and with possession of cocaine with the intent to distribute (Count II).  On October 12, 1993, a jury found him guilty only on Count I.  On January 5, 1994, we denied Bax's motion for judgment of acquittal or a new trial.  On February 17, 1994, we sentenced him to 286 months imprisonment.  On appeal to the Third Circuit, the conviction and sentence were affirmed on August 18, 1994.

On February 13, 1997, Bax filed a 28 U.S.C. § 2255 motion arguing violations of his Fifth Amendment right to due process based on (1) a defective jury charge, (2) the government's knowing use of false trial testimony, and (3) his improper classification as a career offender.  In addition, he argued violations of his Sixth Amendment right to effective assistance of

2

counsel because his counsel did not raise those issues in the trial court or in the court of appeals. By order dated May 23, 1997, we denied the motion. On September 24, 1997, the Third Circuit denied a request for a certificate of appealability based on Bax's failure to make a substantial showing of a denial of a constitutional right.

III. <u>Discussion</u>.

The Defendant cannot rely Rule 35(a) to present his claims. "Although Rule 35(a) at one time provided that '[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence,' that version of Rule 35(a) is not applicable to individuals sentenced under the Sentencing Reform Act of 1984." <u>United States v. Jordan</u>, 915 F.2d 622, 624 (11th Cir. 1990); <u>see also</u> <u>United States v. LaPorta</u>, 1992 WL 210064 (E.D. Pa.). The old version of Rule 35(a) is only applicable to crimes committed before November 1, 1987. <u>See</u> Fed. R. Crim. P. 35; <u>see also</u> <u>United States v. Falasco</u>, 1999 WL 768317, at *1 (E.D. Pa.). Because Bax committed his crime in 1993, he cannot invoke the old version of Rule 35(a).

Rule 35(a), amended by the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987, captioned "Correction of a Sentence on Remand," now provides that a district court:

3

shall correct a sentence that is determined on
appeal under 18 U.S.C. 3742 to have been
imposed in violation of law, to have been
imposed as a result of an incorrect
application of the sentencing guidelines, or
to be unreasonable, upon remand of the case to
the court—

  (1) for imposition of a sentence in accord
with the findings of the court of appeals; or

  (2) for further sentencing proceedings if,
after such proceedings, the court determines
that the original sentence was incorrect.

Fed. R. Crim. Proc. 35(a).

Thus, the new version of Rule 35(a) allows us to correct
a sentence only upon remand from the Third Circuit when the
appellate court has determined that the sentence was the result of
an incorrect application of the sentencing guidelines or is
unreasonable. Those circumstances are absent here. There was an
appeal to the Third Circuit in this case, but there was no remand
on the basis of an incorrect sentence. Therefore, Rule 35(a) is
an improper avenue for Bax to seek relief.

Nor can Bax rely on 18 U.S.C. § 3582(c)(1)(A)(i). That
section requires a motion from the Director of the Bureau of
Prisons. It provides as follows:

  **(c) Modification of an imposed term of
  imprisonment.**--The court may not modify a term
  of imprisonment once it has been imposed
  except that—

    (1) in any case—

      (A) the court, upon motion of the
  Director of the Bureau of Prisons, may reduce

4

>the term of imprisonment, after considering
>the factors set forth in section 3553(a) to
>the extent that they are applicable, if it
>finds that—
>
>>(i) extraordinary and compelling
>>reasons warrant such a reduction; . . .

Thus, the Defendant cannot invoke this section on his own.  See

United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997).

Nor can we simply proceed to consider the Defendant's

request for a reduction in his sentence based on extraordinary

postconviction rehabilitation.  The Third Circuit recognizes that

such a request can be made.  See United States v. Sally, 116 F.3d

76 (3d Cir. 1997).  However, in the absence of a resentencing, we

have no authority to reduce a sentence for postconviction

rehabilitation.  See United States v. Rhodes, 145 F.3d 1375, 1381

(D.C. Cir. 1998)(only those defendants who are successful in

vacating their sentences will be able to take advantage of

postsentencing rehabilitation efforts); United States v. Green,

152 F.3d 1202, 1207 and n.6 (9th Cir. 1998); Johnson v. United

States, 1998 WL 964200 (E.D. Pa.)(downward departure could not be

made on basis of postsentencing efforts when Sally dealt with

postconviction, presentencing efforts); United States v.

Gallagher, 1998 WL 42282, at *5 (E.D. Pa.)(Sally authorizes a

court to consider postconviction rehabilitation only upon the

initial sentencing or resentencing; "rehabilitation does not, in

itself, provide grounds for resentencing"); United States v.

Dugan, 57 F. Supp. 2d 1207, 1209-10 (D. Kan. 1999).  The

5

Defendant's claim that he is entitled to a downward departure for his efforts at reform in prison is not in itself sufficient to vacate his sentence and resentence him.  See United States v. Rudolph, 190 F.3d 720, 727 (6th Cir. 1999).

It appears that the Defendant's claims would be cognizable in a 2255 motion, but the Defendant already filed one such motion, and we cannot entertain another one absent permission from the Third Circuit.  As provided in section 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .

28 U.S.C. § 2255.  28 U.S.C. § 2244 provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (West Supp. 2000).[1]

---

[1]The court of appeals must also certify that the motion "contains:"

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

6

The defendant should therefore go to the Third Circuit for an order authorizing us to consider his current claims in a 2255 motion.  Although we express no opinion on the success of such a request, <u>Apprendi</u> might qualify as a new rule of constitutional law that should apply retroactively.

We will issue an appropriate order.


William W. Caldwell
United States District Judge

Date:   February 20, 2001

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,          :
          Plaintiff
                                   :

          vs.                      :   CRIMINAL NO.  1:CR-93-117-02

                                   :
JOHN BAX,
          Defendant               :


O R D E R

AND NOW, this 20Th day of February, 2001, it is ordered
that the Defendant's motion (doc. 160) under Fed. R. Crim. P. 35
and 18 U.S.C. § 3582(c)(1)(A)(i), to correct an "illegal sentence"
is dismissed because the grounds raised are not cognizable under
those provisions.


William W. Caldwell
United States District Judge

BPS-146

March 29, 2001

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. <u>01-1685</u>

IN RE: JOHN BAX,

       Petitioner

Present: SCIRICA, ROTH AND MCKEE, <u>CIRCUIT JUDGES</u>

         Submitted is petitioner's application pursuant to 28 U.S.C. § 2244 and § 2255 to file a second or successive motion under 28 U.S.C. § 2255

         in the above-captioned case.

                 Respectfully,

                 Clerk

MMW/MCL/jam

_____ORDER_____

     Bax's application for authorization to file a second or successive § 2255 motion is denied pursuant to 28 U.S.C. §§ 2255 and 2244, as the application fails to make a prima facie showing that the requirements of § 2255 have been met. Bax does not allege "newly discovered evidence," and the new rule announced in <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), is not applicable to this case because Bax's sentence was within the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C), as that section is applied to an individual who committed such an offense after a prior conviction for a felony drug offense had become final. <u>See</u> <u>United States v. Cepero</u>, 224 F.3d 256 (3rd Cir.) (en banc).

                By the Court,

                               _____
                                Circuit Judge

Dated: 2 0 APR 2001