IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BAX, | ) |
| | ) |
|     Petitioner, | )    Civ. Action No. 05-194 (Erie) |
| | ) |
| v. | )    Judge Sean J. McLaughlin |
| | )    Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI MCKEAN, | ) |
| | )    filed electronically |
|     Respondent. | ) |
| | ) |

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

AND NOW, comes Respondent James Sherman, Warden, FCI McKean ("Respondent") by his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and respectfully responds to the Petition for Writ of Habeas Corpus filed herein as follows:

**INTRODUCTION**

Petitioner, John Bax ("Petitioner"), an inmate at FCI McKean, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his criminal conviction and sentence by claiming that his Fifth and Sixth Amendment rights were violated during his prosecution. See Memorandum of Law in Support of Motion for Writ of Habeas Corpus ("Memorandum") at pp. 1-4. As best Respondent can discern, Petitioner bases his right to now file a § 2241 petition on his claim that his relief under 28 U.S.C. § 2255 is ineffective and inadequate because: (a) he was denied an evidentiary hearing during the course of his first § 2255 petition; (b) the United States Court of Appeals for the Third Circuit denied his application for a Certificate of Appealability as to his § 2255 petition; and (c) a § 2241 petition would have the potential to yield more favorable results, as it would

be considered by a new judge, and its appeals process is less cumbersome than that under § 2255. Id. at 21.

## FACTS

On October 12, 1993, following a two-day jury trial, the United States District Court for the Middle District of Pennsylvania convicted Petitioner of conspiracy to manufacture and distribute cocaine and "crack." The court subsequently sentenced Petitioner to 286 months' imprisonment. Memorandum at 2. The United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction and sentence. Id.

On February 11, 1997, Petitioner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his § 2255 Petition, Petitioner argued that his Fifth Amendment rights had been violated, because: (a) a defective jury charge had been issued; (b) a trial witness had falsely testified, depriving Petitioner of a fair trial; (c) Petitioner had been incorrectly classified as a Career Offender for sentencing purposes; and (d) Petitioner was entitled to, but had not been granted, a federal sentence which would run concurrently with state sentences he was then serving. Memorandum at 1-4; see also, Exhibit A to Memorandum. Petitioner also raised Sixth Amendment violations, based upon claims of ineffective assistance of counsel. Memorandum at 3-4. After considering Petitioner's petition and traverse, and briefs submitted by the government, the sentencing court denied Petitioner's § 2255 motion in its Memorandum Decision issued May 23, 1997. See Exhibit A to Memorandum. In its Order, the court specifically certified any appeal taken therefrom to be "frivolous, [] not taken in good faith, and [] lacking in probable cause." Id. The Court of Appeals for the Third Circuit subsequently denied Petitioner's application for a Certificate of Appealability on September 24, 1997, on the basis that Petitioner failed to make a substantial showing of the denial of a constitutional right.

Memorandum at 5.

Apparently dissatisfied with these results (and perhaps anticipating that an application for leave to file a second § 2255 petition would be unsuccessful[1]), Petitioner next filed a motion, pursuant to Fed.R.Crim.P. 35(a) and 18 U.S.C. § 3582(c)(1)(A)(i) to correct an "illegal sentence."  See Memorandum at 5; and Memorandum Opinion dated February 20, 2001, attached to Memorandum. In his motion, Petitioner restated his original arguments, reframing them to fit within the context of Apprendi v. New Jersey, 530 U.S. 466 (2000).[2]  See February 20, 2001 Memorandum Opinion, at 1-2. The United States District Court for the Middle District of Pennsylvania dismissed Petitioner's motion, on the basis that Petitioner was ineligible to seek relief under either Fed.R.Crim.P. 35(a) or 28 U.S.C. § 3582(c)(1)(A)(i).  The court noted that Petitioner's claims might be cognizable in a § 2255 motion, but that because Petitioner had already filed one § 2255 motion, he would have to seek leave of the Third Circuit in order to file a second or successive § 2255 motion.  Id.  Petitioner applied to the Third Circuit for leave to file a second § 2255 motion, but this application was denied by the court, because Petitioner failed to make a showing that the requirements of § 2255 had been met: that is, Petitioner had not alleged "newly discovered evidence," and contrary to Apprendi's holding, Petitioner's sentence was

---

[1] A petitioner attempting to bring a second or successive § 2255 petition must demonstrate "newly discovered evidence, that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.

[2] For example, Petitioner claimed that his sentence was unconstitutional because it was imposed without the government's having to prove the drug quantity to the jury, beyond a reasonable doubt; and (2) that his sentence was unconstitutional because it was imposed without the government's having to prove to a jury that he had conspired to distributed crack cocaine rather than some other form of cocaine.  See February 20, 2001 Memorandum Opinion, at 1-2.

within the statutory maximum. See Order dated April 20, 2001, attached to Memorandum as Exhibit A.

Petitioner filed the instant suit on June 24, 2005. Because Petitioner is unable to establish that 28 U.S.C. § 2255 provides an ineffective or inadequate remedy, his instant Petition pursuant to 18 U.S.C. § 2241 must be dismissed.

## ANALYSIS AND ARGUMENT

**I.  Petitioner's Claims Concerning His Conviction And Sentence Are Not Properly Addressed In A § 2241 Petition, And, Therefore, This Court Lacks Subject Matter Jurisdiction To Entertain The Petition.**

The Court should dismiss the Petition for lack of subject matter jurisdiction. Petitioner is not challenging the fact or duration of his confinement or the execution of his sentence. Rather, Petitioner is challenging his conviction and sentence, claiming that his constitutional rights were violated.

Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court by a motion under 28 U.S.C. § 2255. Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). A motion under § 2255 is the usual remedy for a claim of actual innocence. Cook v. Davis, 65 Fed.Appx. 932, 2003 WL 1900716 (6th Cir. 2003). In contrast, "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). These claims are properly brought pursuant to § 2241. Haugh v. Booker, 210 F.3d 1147, 2000 WL 37781, at *1 (10th Cir., April 12, 2000); Rosch v. Director, United States Parole Commission, 89 F.3d 839 (TABLE), 1996 WL 328784, at *2 (7th Cir.), cert. denied, 519 U.S. 955 (1996); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Because Petitioner is challenging the validity of his conviction and sentence, his claims must be brought pursuant to § 2255. See Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). See also, Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). While Petitioner is housed within the Western District of Pennsylvania, thus giving rise to this Court's proper exercise of jurisdiction pursuant to § 2241, see DeSimone, 805 F.2d at 323, this Court lacks subject matter jurisdiction over the Petition because Petitioner's claims do not pertain to the conditions of his confinement or the execution of his sentence. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Nwanze v. Hahn, 97 F.Supp.2d 665, 2000 WL 623235, at *4 (W.D. Pa., April 27, 2000). Merely styling a petition as one falling under § 2241 does not necessarily render it proper pursuant to that statutory provision. Morrison v. Guzik, 153 F.3d 727, 1998 WL 380539, at *2 (10th Cir., June 30, 1998). Accordingly, the Court must dismiss the Petition for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1); DeSimone, 805 F.2d at 323.

> II. **Petitioner Cannot Avoid The § 2241 Jurisdictional Requirement By Arguing That § 2255 Provides An Inadequate Or Ineffective Remedy.**
>
>> A. **Petitioner cannot argue that his lack of success under 28 U.S.C. § 2255 now entitles him to petition this Court pursuant to 28 U.S.C. § 2241.**

Petitioner maintains that he is entitled to file a § 2241 petition regarding his conviction and sentence because § 2255 affords an inadequate and ineffective remedy. Petitioner bases this argument on his claims that: (1) the court in which his § 2255 petition was heard did not hold an evidentiary hearing; (2) the Third Circuit denied his application for a Certificate of Appealability; and (3) a § 2241 petition would provide more favorable results because it would be heard by a new judge and any adverse decision would be more easily appealable than an adverse decision under § 2255. Petition at 3; Memorandum at 21.

As discussed above, Petitioner has already filed one § 2255 motion which challenged his conviction and sentence. After a careful analysis of all issues raised by Petitioner in that motion, see Memorandum Opinion of May 23, 1997, attached to Petitioner's Memorandum as Exhibit A, the United States District Court for the Middle District of Pennsylvania denied Petitioner's § 2255 motion. The United States Court of Appeals for the Third Circuit also declined to issued a Certificate of Appealability to Petitioner on the issues raised in his failed motion.

Petitioner subsequently filed a "motion to correct an illegal sentence," pursuant to Fed.R.Crim.P. 35(a) and 18 U.S.C. § 3582(c)(1)(A)(i). Petitioner's 35(a)/3582 motion attempted to attack his conviction and sentence based upon the Supreme Court's recent holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). However, this attempt also failed, as the court determined that both Rule 35(a) and section 3582 were inappropriate vehicles for the relief Plaintiff requested, and suggested that Petitioner's claims might be cognizable in a second § 2255 petition. In March, 2001 Petitioner moved the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 2244, for leave to file a second or successive § 2255 motion. However, because Petitioner was unable to make a prima facie showing that the requirements of § 2255 had been met, the Third Circuit denied Petitioner's application. In its Order dated April 20, 2001, the Third Circuit noted that Petitioner's application failed because he had not alleged "newly discovered evidence," and because Apprendi, upon which Petitioner based his claims, was not applicable to Petitioner because his sentence was within the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C).

Now, some four years later, Petitioner attempts to revive his previously unsuccessful efforts to vacate his conviction and sentence, by styling his § 2255 argument as a § 2241 petition. As noted above, § 2241 petitions are generally reserved for inmates who challenge the terms and conditions of their confinement. See, e.g., McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th

Cir. 1997). However, § 2255 provides a narrow exception to the general prohibition against an inmate who seeks to attack a sentence and conviction pursuant to § 2241: if a prisoner can show that § 2255 is "inadequate or ineffective to test the legality of his detention," review is permitted pursuant to § 2241. 28 U.S.C. § 2255. Title 28 U.S.C. § 2255 provides:

> [a]n application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, **or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255 (emphasis added). A petitioner bears the burden of demonstrating that the remedy provided by § 2255 is inadequate or ineffective. See Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam).

Remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner: (1) has been denied relief under § 2255; (2) may be denied permission to file a second or successive motion to vacate; or (3) has allowed the one-year statute of limitations to expire. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002); Charles v. Chandler, 180 F.3d at 756-58; Chambers v. Romine, 41 Fed.Appx. 525, 2002 WL 1283398 (3d Cir., May 6, 2002), cert. denied, 537 U.S. 1066 (2002); Rumler v. Hemingway, 43 Fed.Appx. 946, 2002 WL 1940971 (6th Cir. 2002); Taylor v. Hemingway, 2002 WL 1285518, at*1 (E.D. Mich. June 11, 2002). It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).

The fact that Petitioner's original § 2255 petition was unsuccessful does not establish that § 2255 provides an inadequate or ineffective remedy. In Re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Tripati v. Henman, 843 F.2d 1160,

7

1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966)(per curiam); United States v. Damiano, 1997 WL 539704 (E.D. Pa. Aug. 6, 1997). Nor does the Third Circuit's denial of Petitioner's application to file a successive § 2255 petition provide the necessary basis for the instant Petition. A petitioner cannot meet his burden to show that the remedy by § 2255 is ineffective or inadequate by merely arguing that he may not be able to meet the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The limitations on filing a second or successive § 2255 motion imposed by AEDPA do not establish the inadequacy or ineffectiveness of the remedy. See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); Davenport, 147 F.3d at 608. Denial of permission to file a successive § 2255 motion, in itself, does not render the § 2255 remedy ineffective or inadequate. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000); Lewis v. Romine, 2001 WL 1555273, *3 (M.D. Pa. Oct 18, 2001), aff'd., 85 Fed.Appx. 871 (3rd Cir. 2003), cert. denied, 541 U.S. 1003 (2004). Moreover, the remedy under a § 2241 motion is not an additional, alternative, or supplemental remedy to a motion under § 2255. Robinson v. Hemingway, 175 F.Supp.2d 915, 916 (E.D. Mich. 2001).

The decision of the United States Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), cited by Petitioner, does not dictate a different result. In re Dorsainvil allows for consideration, pursuant to § 2241, of what would otherwise be a § 2255 petition in a very limited circumstance: if a prisoner would have no opportunity, due to application of the AEDPA, to challenge under § 2255 a conviction that an intervening change in substantive law may negate, thus giving rise to a complete miscarriage of justice, a prisoner may seek review pursuant to § 2241. Id. at 250. The Third Circuit specifically noted that:

> [A]llowing someone in Dorsainvil's unusual position -- that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively -- is hardly likely to undermine the gatekeeping provisions of § 2255.

Id. at 251. The Third Circuit further cautioned that the "holding in this circumstance that § 2255 is inadequate or ineffective is therefore a narrow one," deeming petitioner's situation to be "unusual." Id. at 251-52 (internal quotations omitted). In the instant case, Petitioner's contentions concerning his sentence and conviction clearly do not fall within the narrow, unusual circumstances set forth in Dorsainvil.

Even when AEDPA precludes a sentencing court from hearing a petitioner's successive § 2255 motion, this does not automatically render § 2255 inadequate or ineffective. As the Dorsainvil court observed, "we do not suggest that § 2255 would be inadequate or ineffective so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." Id. at 251.

As this discussion demonstrates, Petitioner cannot show that his remedy under § 2255 is inadequate or ineffective. Petitioner's claims are clearly a challenge to his conviction and sentence and must be presented in a motion under § 2255. Accordingly, the Court should dismiss the Petition for lack of subject matter jurisdiction.

> **B.  Petitioner's remedy under § 2255 is not inadequate or ineffective because the sentencing court did not order an evidentiary hearing.**

Petitioner also appears to claim that he is entitled to file a § 2241 petition because the district court did not order an evidentiary hearing on his § 2255 petition, thereby rendering § 2255 an "inadequate and ineffective" remedy. Petition at 21. However, counsel for Respondent is unaware

9

of any case law, and Petitioner cites to none, which holds that failure to order an evidentiary hearing on a § 2255 petition renders the § 2255 process inadequate or ineffective for purposes of filing a § 2241 petition.

A prisoner who files a habeas corpus petition pursuant to 28 U.S.C. § 2255 is entitled to an evidentiary hearing on the matter, unless the district court determines that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989). The decision as to whether the files and records of the case conclusively show that the prisoner is entitled to no relief is within the sound discretion of the district court. Id.; United States v. Gardner, No. 02-238, 2003 WL 21146727 (W.D.Pa. March 12, 2003) ("When a motion is made under 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court"); see also, Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989); United States v. Berry, 61 Fed.Appx. 797, 800 (3rd Cir. 2003) (unpublished) (upholding district court's decision to dismiss § 2255 petition without first holding an evidentiary hearing on petitioner's counsel's effectiveness); Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations insufficient basis to warrant evidentiary hearing in habeas case); Totten v. Merkle, 137 F.3d 1172, 1776 (9th Cir. 1998) (evidentiary hearing on habeas petition not required where court determined that no prejudice would result; "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise"); cf. Villanueva v. United States, 346 F.3d 55, 62 (2d Cir. 2003) (failure to hold evidentiary hearing an insufficient basis for filing a successive § 2255 petition, as petitioner proffered no new evidence and his request was not based on a new rule of constitutional law).

In the matter at hand, Petitioner's sentencing court considered multiple filings by both

parties, and, after thoroughly explaining its reasoning in its Memorandum Opinion, exercised its discretion and denied Petitioner's § 2255 petition. The fact that an evidentiary hearing was not held does not demonstrate that 28 U.S.C. § 2255 is either inadequate or ineffective.[3] Because Petitioner cannot demonstrate that his remedy pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, his instant § 2241 Petition should be denied.

      **C.**    **The Petition should be denied because Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241 simply because he may obtain better results under that statute.**

Petitioner appears to premise his entitlement to file the instant Petition pursuant to 28 U.S.C. § 2241 on his belief that that statute will provide more favorable results than would a petition filed pursuant to 28 U.S.C. § 2255. For example, Petitioner argues he is entitled to relief under 28 U.S.C. § 2241 because "[a]n adverse decision in a § 2255 is not reviewable unless certain criteria are met, but the adverse decision in a § 2241 is reviewable without restriction"; that is, Petitioner would not have to first obtain a Certificate of Appealability from the Third Circuit – in which effort he has previously been unsuccessful – prior to seeking that court's review. See Memorandum at 21. Likewise, Petitioner claims that he is entitled to seek relief under § 2241, so that he may avoid his original sentencing judge, and possibly receive a more favorable outcome under a new judge. Petitioner's argument – that the remedy available under § 2255 is inadequate or ineffective because the relief available under § 2241 may be different (or better) – does not allow him to bypass the threshold requirements for a filing a petition to vacate his sentence pursuant to 28 U.S.C. § 2241. See, e.g., United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (denying petitioner's argument

---

[3]Petitioner does not assert that he ever requested such an evidentiary hearing on his § 2255 petition, nor does he assert that he raised the lack of a hearing as a basis for his § 2244 application to file a second or successive § 2255 petition.

that his inability to appeal the district court's decision rendered his § 2255 remedies were inadequate or ineffective); Charles v. Chandler, 180 F.3d at 757-58 (requirement that petitioner seek certificate of appealability did not impair district court's authority to grant remedy under § 2255, and therefore did not render relief under § 2255 inadequate or ineffective).

As demonstrated above, the use of a § 2241 petition to contest an inmate's conviction or sentence is reserved for exceptional circumstances. The United States Court of Appeals for the Third Circuit has observed that "a common theme is evident in the circuit court opinions addressing the availability of § 2241: in those cases in which recourse to § 2241 is granted, the petitioner would have *no other means* of having his or her claim heard." Brooks, 230 F.3d at 648 (emphasis in the original). Petitioner has demonstrated no such exceptional circumstances here. Instead, he has plainly shown that § 2255 can provide an effective (albeit, to Petitioner, unsatisfying) remedy. Petitioner is simply attempting to obtain a favorable ruling on issues already ruled on, by reframing those issues in the guise of § 2241 petition. However, "[t]he current statutory framework does not 'permit a litigant unhappy with the result of his . . . § 2255 petition a second bite at the apple merely by placing a § 2241 caption on a new pleading.'" Wills v. Smith, No. Civ.A.3:04-2328, 2005 WL 1155874 (M.D. Pa. May 6, 2005), citing Smith v. United States, 1998 WL 351785, *6 (D.N.J.). With the instant § 2241 Petition, Petitioner is attempting to take that second, impermissible "bite." Accordingly, the Petition should be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Petition for Habeas Corpus should be denied.

        Respectfully submitted,

        MARY BETH BUCHANAN
        United States Attorney


        _____s/ Christy Wiegand_____
        CHRISTY WIEGAND
        Assistant U.S. Attorney
        U.S. Courthouse
         and Post Office
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        (412) 644-3500

## CERTIFICATE OF SERVICE

I hereby certify that I have served this date a copy of the within *Response to Petition for Writ of Habeas Corpus,* by mail or electronic filing, upon the following:

John Bax
Reg. No. 07328-067
FCI McKean
P.O. Box 8000
Bradford, PA  16701

    s/ Christy Wiegand
CHRISTY WIEGAND
Assistant United States Attorney

Date: October 20,  2005