IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN BAX,                          )
                                   )
          Petitioner,              )    Civ. Action No. 05-194 (Erie)
                                   )
     v.                            )    Judge Sean J. McLaughlin
                                   )    Magistrate Judge Susan Paradise Baxter
WARDEN, FCI MCKEAN,                )
                                   )
          Respondent.              )

**REPLY OF THE PETITIONER TO THE RESPONDENT'S**
**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

**NOW COMES**, the Petitioner, John Bax, and appearing pro se, hereby replies to the response of the Respondent to his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed herein as follows:

The Respondent has failed to respondent to the merits of the issues presented in Petitioner's §2241 Petition. Thus their response was perfunctory and the Respondent has waived his right to contest the merits of the issues presented in this Court in the §2241 petition. see e.g., United States v. Paredes, 87 F.3d 921, 924 (7th Cir. 1996).

ARGUMENT

I.  Petitioner's Claims Concerning His Conviction and Sentence are Properly Addressed in This §2241 Petitioner, as the Petitioner Has Not Had A Full and Fair Opportunity To Litigate These Claims.

Petitioner has a right to have his claims resolved and a full and fair opportunity to litigate these claims. see e.g., Townsend v. Sain, 372 U.S. 293 (1963). Townsend lays out certain factors for a court to consider in resolving whether an issue has been fully and fairly litigated. Among these factors are whether there was a hearing procedure available, how well the factual issues were developed, and whether the trial court's fact-findings are adequately supported by the record. Id.; see also Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

1

In the instant case, Petitioner has supplied a prima-facie case that the trial court's fact-finding on his §2255 motion was in error. See Memorandum Brief at 3.

As Petitioner has pointed out, the indictment charged the Petitioner with engaging in a conspiracy beginning in January, 1993 and ending in May, 1993. The evidence adduced at trial clearly shows that Petitioner joined the conspiracy sometime before April 1, 1993. Petitioner was not convicted in the state courts until April 7, 1993. Therefore, Petitioner could not be sentenced as a career offender within the meaning of U.S.S.G. § 4B1.2(3), and he is therefore actually innocent of violating that guideline, and therefore habeas review is warranted. see e.g., Bousley v. United States, 523 U.S. 614 (1998) (finding "actual innocence" in "using" a firearm under 18 U.S.C. § 924(c)(2) although Petitioner abviously "possessed" firearm).

Therefore, this Court should permit the §2241 petition to go forward on the basis on "actual innocence."

II. THE §2255 MOTION WAS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF THE PETITIONER'S DETENTION.

Federal courts retain jurisdiction to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Credible claims of "actual innocence" are cognizable in §2241 petitions. In re Dorsainvil, 119 F.3d 245, 248 (3rd Cir. 1997); Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997).

If "the remedy by [Section 2255] motion is inadequate or ineffective to test the legality of his detention", then a federal prisoner may bring a §2241 petition. In re Hanserd, 123 F.3d 922, 929 (6th Cir. 1997).

Petitioner asserts that failure of this Court to permit his §2241 petition to proceed would in effect violate the Suspension Clause. The Suspension Clause of the Constitution provides; "[t]he Privilege of the Writ of Habeas Corpus

shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S.Const. art. I, §9, cl.2. The Supreme Court has recognized that "there is no higher duty than to maintain [the writ] unimpaired." Johnson v. Avery, 393 U.S. 483, 485 (1969) (citing and quoting Bowen v. Johnston, 306 U.S. 19, 26 (1939)); see also INS v. St. Cyr, 121 S.Ct. 2271 (2001) (holding that the Suspension Clause must be read to create an affirmative protection of the continuing availability of habeas corpus review).

The "historic capacity" of federal habeas courts has been to assure that the habeas petitioner is not being held in violation of his or her federal constitutional rights. Herrera v. Collins, 506 U.S. 390, 402 (1993); O'Neal v. McAninch, 513 U.S. 432, 442 (1995) ("basic purpose underlying the writ" include "avoid[ing] a grevious wrong – holding a person 'in custody in violation of the Constitution ... of the United States'"). To this end, the Framers of the Constitution have held that the Great Writ cannot be abolished as the writ of habeas corpus "has been for centuries esteemed the best and only sufficient defence of personal freedom." Ex Parte Yerger, 75 U.S. (8 Wall.) 85, 95 (1869).

Petitioner, Mr. Bax, hereby asserts that to deny this Petition on the ground advanced by the Respondent would to, in effect, abolish the Great Writ, as Mr. Bax has no other effective remedy available to him. Prior to the passage of the AEDPA, traditionally Section 2241 was appropriate "where petitioner challenges the effects of events subsequent to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3rd Cir.) cert. denied, 429 U.S. 851 (1976); see also Cohen v. United States, 593 F.2d 766, 769 (6th Cir. 1979).

Moreover, Petitioner has established that he is actually innocent of the Carrer Offender enhancement applies in this case, which cause in excess of 100% increase in his sentence. Therefore, it would be a manifest injustice to deny this Petition on the grounds enumerated by the Respondent. see Dugger v. Adams, 109 S.Ct. 1211,

1217 n.6 (1989); <u>United States v. Maybeck</u>, 23 F.3d 888 (4th Cir. 1994) (finding actual innocence based on career offender designation, and finding prejudice). In addition, the error of law in applying the career offender designation is a fundamental defect which inherently results in a complete miscarriage of justice. <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974).

Therefore, this Court should grant the §2241 petition as moved by the Petitioner, and reject the claims of the Respondent.

III.   PRO SE LIBERAL CONSTRUCTION RULE

Petitioner, John Bax, hereby moves this Court to apply the <u>pro se</u> liberal construction rule to the instant case. The Supreme Court has consistently held that a <u>pro se</u> pleading should be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers; if a court can reasonably read pleadings to state valid claim[s] on which litigant could prevail, the court should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, spelling errors and sentence construction, or litigant's unfamiliarity with pleading requirements. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Boag v. MacDougall</u>, 454 U.S. 364 (1982); <u>see also</u> <u>Urrutia v. Harrisburg County Police Department</u>, 91 F.3d 451, 456 (3rd Cir. 1996).

IV.   CONCLUSION

Based on the above, Petitioner, John Bax, hereby moves this Court to grant the §2241 Petition as moved therein, or, in the very least, grant the Petition as to Petitioner's claim that he is actually innocent of the career offender sentence.

WHEREFORE, facts and premises considered, the Petitioner prays that this Court will grant the Petition as moved therein.

Dated: November 2, 2005               Respectfully submitted:

*/s/ John Bax*
John Bax
Reg. No. 07328-067
FCI McKean
P.O. Box 8000
Bradford, PA. 16701-0980

## CERTIFICATE OF SERVICE

I do hereby certify that on this the ___ day of November, 2005, that I placed in the U.S. Mail, first-class postage prepaid, a true and correct copy of the above and foregoing pleading to counsel for the Respondent:

Ms. Christy Wiegand, Esq.
Assistant U.S. Attorney
U.S. Courthouse & Post Office
700 Grant Street
Pittsburgh PA 15219

*/s/ John Bax*
John Bax

5