## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BAX, | ) | |
| | ) | |
| Petitioner, | ) | Civ. Action No. 05-194 (Erie) |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI MCKEAN, | ) | |
| | ) | filed electronically |
| Respondent. | ) | |
| | ) | |

### RESPONDENT'S SURREPLY

AND NOW, comes Respondent James Sherman, Warden, FCI McKean ("Respondent"), and submits the following Surreply to Petitioner's Reply in support of his Petition for Writ of Habeas Corpus.

### I. INTRODUCTION

On June 24, 2005, Petitioner filed his Petition for Writ of Habeas Corpus, in which he challenged his conviction in the Middle District of Pennsylvania, and subsequent sentence. On October 20, 2005, Respondent filed his Response to the Petition, arguing that: (1) because Plaintiff's claims concern the validity of his conviction and sentence, they are not properly addressed in a petition brought pursuant to 28 U.S.C. § 2241, and therefore this Court is without jurisdiction to consider those claims; (2) contrary to Petitioner's assertion, his remedy under 28 U.S.C. § 2255 was not rendered inadequate or ineffective (which would thereby permit him to bring his claim pursuant to § 2241) due to the sentencing court's decision not to order an evidentiary hearing; and (3) Petitioner is not entitled to relief pursuant 28 U.S.C. § 2241 simply because he may obtain more favorable results under that statute. As Respondent will demonstrate, below, Petitioner's Reply in support of his Petition maintains that the

remedies available to him to challenge his conviction and sentence are inadequate and ineffective, but offers no bona fide basis which would enable this Court to assume jurisdiction over Petitioner's claims. Accordingly, the Petition should be dismissed.

## II. ARGUMENT

**A.    Petitioner's claim that he is entitled to relief pursuant to 28 U.S.C. § 2241 because of "actual innocence" is meritless, and the Petition should be denied.**

In his Reply, Petitioner advances the argument that he was improperly sentenced as a career offender under United States Sentencing Guideline § 4B1.2(3), and "is therefore actually innocent of violating that guideline"; according to Petitioner, habeas review is warranted. See Reply at 2. Petitioner is mistaken.

An inmate who claims "actual innocence" may, in limited circumstances, raise such a claim in a § 2241 petition. In Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), the United States Court of Appeals for the Second Circuit held that a § 2255 motion was "inadequate or ineffective" (thereby invoking the savings clause of § 2255 which would enable a petitioner to bring a § 2241 petition) where the denial of a habeas petition would raise serious constitutional issues; a claim of innocence, without an avenue of redress, would be such an issue. Id. at 377-80. See also, In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, in both Triestman and Dorsainvil, petitioners were faced with a substantive change in the law regarding the criminality of the actions for which they had been convicted, and were without procedural recourse under § 2255. Triestman, 124 F.3d at 380; Dorsainvil, 119 F.3d at 251.

The holdings of Dorsainvil and Triestman are inapplicable to Petitioner and the instant case. Petitioner does not argue that the law underlying his conviction for conspiracy to distribute crack

cocaine has changed. Rather, the basis for Petitioner's "actual innocence" claim is that he should not have been classified as a career offender, and is therefore innocent of violating a <u>sentencing guideline</u>. Reply at 2. Such a claim does not fall within the scope of <u>Triestman</u> or <u>Dorsainvil</u>. In <u>Bush v. Holt</u>, No. Civ. 3:CV-05-1209, 2005 WL 2030442 (M.D. Pa. July 20, 2005), the United States District Court for the Middle District of Pennsylvania addressed the same issue and rejected an inmate's claim that he should have the opportunity to bring his claims via § 2241. The court stated:

> Bush does not assert that his present action is based on either any newly discovered evidence or a new rule of law made retroactive to cases on collateral review. Unlike <u>Dorsainvil</u>, Petitioner's present claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to <u>Dorsainvil</u> was the fact that the petitioner may actually be innocent of the crime charged. In this case, Bush has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity. Rather, his claim is based on a sentencing related issue, that his sentence was improperly enhanced under the ACCA. It is clear that the claim before this Court has nothing to do with the actual question of Petitioner's guilt. Likewise, Bush has not presented any facts to show that the denial of his habeas action would raise serious constitutional issues.

<u>Id</u>., at *3; <u>see</u> <u>also</u>, <u>United States v. Gardner</u>, Civil No. 02-238, 2003 WL 21146727, at *4 (W.D. Pa., March 12, 2003) (unreported) (rejecting an inmate's attempt to challenge his conviction under § 2241 because the inmate, like Petitioner in the instant matter, asserted his "actual innocence" to the career offender provision of the Sentencing Guidelines; the Court noted that such a claim "obviously does not alter the criminality of [petitioner's] conduct").[1]

Petitioner's claim that he is "actually innocent" due to the allegedly improper designation of

---

[1] Additionally, Petitioner had the opportunity to raise his objection to the career offender designation previously – and did so, in his § 2255 petition. The sentencing court addressed, and rejected, Petitioner's claim. See Exhibit A to Petition, <u>Memorandum</u> of the United States District Court for the Middle District of Pennsylvania, at 7-9.

"career offender" does not fall within the narrow scope Triestman and Dorsainvil, and, accordingly, may not serve as a basis for his present § 2241 petition.

### B. Denial of Petitioner's § 2241 does not implicate the Suspension Clause of the United States Constitution.

In his Reply, Petitioner argues that denying him the opportunity to bring his claims pursuant to § 2241 would violate the Suspension Clause of the United States Constitution. This argument is without merit. The Suspension Clause states, simply, that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. Art. I, § 9, cl. 2. However, the United States Supreme Court has held that the restrictions placed on habeas petitions under § 2255's savings clause – the very restrictions which Petitioner is unable to overcome – do not violate the Suspension Clause of the Constitution. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (holding that the restrictions do not amount to a "suspension" of the writ contrary to Article I, § 9, but rather constitute "a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'"); Santiago v. LaManna, 99 Fed.Appx. 417, 419 (3d Cir. 2004) (unpublished) (upholding District Court's determination, that denial of § 2241 petition claiming that § 2255 was inadequate or ineffective, did not "run afoul" of the Constitution's Suspension Clause); Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343, 347 (5th Cir. 2002) (savings clause of § 2255 does not violate the Suspension Clause).

Contrary to Petitioner's assertions, denial of the instant Petition will not effect an improper "suspension" of the Writ of Habeas Corpus. Further, Petitioner is unable to demonstrate that § 2255 has failed to provide him an inadequate or ineffective remedy. Because Petitioner advances no legitimate basis which would qualify his claims for consideration by this Court pursuant to 28 U.S.C.

§ 2241, his Petition should be denied.[2]

### III. CONCLUSION

WHEREFORE, for the reasons set forth above and in Respondent's *Response*, the Court should deny the Petition for Writ of Habeas Corpus.

>
> Respectfully submitted,
>
> MARY BETH BUCHANAN
> United States Attorney
>
>  s/ Christy Wiegand
> CHRISTY WIEGAND
> Assistant U.S. Attorney
> U.S. Courthouse and Post Office
> 700 Grant Street, Suite 4000
> Pittsburgh, PA 15219
> (412) 644-3500

---

[2] Petitioner suggests, incorrectly, that because Respondent's Response addressed only the defective jurisdictional issue concerning the Petition, Respondent has thereby waived any right to address Petitioner's claims on a substantive basis. It is well established that the existence of subject matter jurisdiction is a threshold issue in any case. See, e.g., Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause," citing Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)); cf. Douglas v. Owens, Civ. A. No. 86-2494, 1987 WL 6744 (E.D.Pa. February 17, 1987) (threshold question in any petition for a writ of habeas corpus is whether the petitioner is 'in custody' for purpose of establishing the subject matter jurisdiction). Should this Court determine that it does indeed have jurisdiction over Petitioner's section 2241 petition and that it will consider Petitioner's claims on the merits, Respondent requests the opportunity to fully address any substantive issues raised therein in further briefing.

## CERTIFICATE OF SERVICE

I hereby certify that I have served this date a copy of the within Surreply, by mail or electronic filing, upon the following:

John Bax
Register No. 07328-067
FCI McKean
P.O. Box 8000
Bradford, PA  16701


 s/ Christy Wiegand
CHRISTY WIEGAND


Date: November 22, 2005