IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BAX, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>WARDEN, FCI McKean, )<br>)<br>Respondent. ) | Civ. Action No. 05-194 (Erie)<br><br>Judge Sean J. McLaughlin<br>Magistrate Judge Susan Paradise Baxter |

### PETITIONER'S TRAVERSE TO THE RESPONDENT'S SURREPLY

**NOW COMES**, the Petitioner, John Bax, and appearing pro se, hereby files this Traverse to the Surreply of the Respondent.

### I. INTRODUCTION.

On June 24, 2005, Petitioner filed his Petition for Writ of Habeas Corpus ("§2241 Petition"), in which he contends that he is actually innocent of the career offender provisons. Petitioner further advanced that claims of actual innocence are properly advanced in a §2241 Petition, and that his remedies under §2255 are inadequate or ineffective, which thereby permits him to bring his claim pursuant to §2241.

Petitioner will now demonstrate that because he has made a viable claim of actual innocence, he is entitled to relief on his §2241 petition.

### II. ARGUMENT.

A.  Petitioner's contention that he is entitled to relief pursuant to 28 U.S.C. § 2241 because of "actual innocence" is with merit and therefore, the Petitioner should be granted.

In his §2241 petition, Petitioner made a credible showing that he was "actually innocent" of the career offender enhancements under U.S.S.G. §4B1.2(3). As he previously pointed out, the indictment in the underlying

1

criminal prosecution charged the Petitioner with engaging in a conspiracy beginning in January/1993 and ending in May/1993. The evidence adduced at trial clearly dhowed that Petitioner joined the conspiracy sometime before April 1, 1993. Petitioner was not convicted in the state courts until April 7, 1993. Thus, pursuant to U.S.S.G. § 4B1.2(3), Petitioner could not be a career offender, and he is, therefore, actually innocent of being a career offender.

Contrary to the Respondent's position on the surreply, a person can be actually innocent of the "career offender" designation. See Smith v. Murray, 477 U.S. 527, 537 (1986); Dugger v. Adams, 489 U.S. 401, 410-12 n.6 (1989).

The Eighth Circuit explained this principle of jurisprudence nicely in Jones v. Arkansas, 929 F.2d 375, 381 & n.16 (8th Cir. 1991), where the Court held;

> It would be difficult to think of one who is more innocent of a sentence than a defendant sentenced under a statute that by its very terms does not even apply to the defendant.

Id. at 381 (emphasis added); see also Mills v. Jordan, 979 F.2d 1273, 1279 (7th Cir. 1992) ("actual innocence exception applies to habitual offender proceedings ..."). In Jones, the defendant had been erroneously sentenced under a habitual offender statute that was not in effect at the time he had committed his crime. Likewise, in this case, Petitioner was sentenced under the career offender provisions, when these provisions, by their very terms, cannot even apply to the Petitioner. Thus the principles of actual innocence should apply to this case. see United States v. Maybeck, 23 F.3d 888, 893-894 (4th Cir. 1994).

If this Court were to condemn Petitioner to suffer the consequences of the career offender designation, which, by the very terms of the statute, cannot be applied to the Petitioner, he would continue serving a sentence

as an habitual offender for which he is in fact innocent. This is a classic example of a "fundamental miscarriage of justice," precisely what the actual innocence exception was created to prevent. Therefore, the Writ should be granted. see Haley v. Cockrell, 306 F.3d 257, 267-68 (5th Cir. 2002).

Claims of actual innocence are cognizable in §2241 petitions. see e.g., Bousely v. United States, 523 U.S. 614 (1998) (finding "actual innocence" in "using" a firearm under 18 U.S.C. § 924(c)(2)); In re Dorsainville, 119 F.3d 245, 248 (3rd Cir. 1997). What is interesting in this case is the Government is advancing the same argument it advanced in Dorsainvil, and like Dorsainvil, the Government's argument must fail. The Dorsainvil Court recognized that there is an actual innocence exception to the general rule that would prohibit filing a §2241 petition challenging a federal conviction.

Petitioner is "actually innocent" of violating the career offender provisions. By the very terms of the career offender statute as outlined in U.S.S.G. § 4B1.2(3), Therefore, not to grant the Writ would constitue a manifest miscarriage of justice.

III. CONCLUSION.

WHEREFORE, facts and premises considered, the Petitioner prays that this Court grant the §2241 petition as moved therein.

Dated: December 2, 2005                     Respectfully submitted:

                                            John Bax
                                            Reg. No. 07328-067
                                            FCI McKean
                                            P.O. Box 8000
                                            Bradford, PA. 16701-0980

                                            PETITIONER pro se

3

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 2 day of December, 2005, I placed in the U.S. Mail, first-class postage prepaid, a true and correct copy of the foregoing pleading for delivery to:

Ms. Christy Wiegand
Assistant U.S. Attorney
U.S. Courthouse & Post Office
700 Grant Street, Suite 4000
Pittsburgh PA 15219

_____ *John Box* _____
John Box