UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JOHN BAX,

    Petitioner,

vs.   '06 AUG 24 P12:10   C.A. No. 05-194 Erie
District Judge McLaughlin
Magistrate Judge Baxter

WARDEN, FCI McKEAN,

    Respondent.
_____/

PETITIONER'S OPPOSITION TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

**NOW COMES**, Petitioner John Bax, pro-se, and files his opposition to the Magistrate Judge's Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B.

## I. INTRODUCTION

The Honorable Susan Paradise Baxter, Chief United States Magistrate Judge, correctly notes the historical background of the instant case. Her recommendation that the instant petition for writ of habeas corpus be dismissed as lacking subject matter jurisdiction is based on a misapplication of the saving clause of 28 U.S.C. § 2255. When the merits of Petitioner's sentencing claim that the Career Offender provisions of the Federal Sentencing Guidelines were incorrectly applied in this case, are considered under the miscarriage of justice requirement of the savings clause, it is clear that Petitioner is entitled to relief, pursuant to the provisions of § 2241.

## II. OBJECTIONS

**A. Savings Clause Of § 2255:**

The RR correctly notes the Third Circuit's holding in **In Re Dorsainvil**, 119 F.3d 245, 251 (CA 3, 1997), recognizes that

a § 2241 petition (original habeas petition) may, in limited situations, provide an avenue of relief to federal prisoners. See R&R @ p. 4-5. As correctly noted in the R&R, the Third Circuit further explained the relationship between its reasoning in Dorsainvil and the saving clause. Id. Simply put, the Third Circuit indicates that "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id @ p. 5 (quoting Cradle v. United States, 290 F.3d 536, 538 (CA 3, 2002)).

One of the factors that provides a basis for § 2241 relief is the existence of extraordinary circumstances. See Cradle, supra. @ 539. A claim of actual innocence constitutes extraordinary circumstances. Schlup v. Delo, 513 U.S. 598; 115 S.Ct. 851; 130 L.Ed.2d 808 (1995). In Cristin v. Brennan, 281 F.3d 404, 420-21 (CA 3, 2002), the Third Circuit held that "[t]o establish a miscarriage of justice excusing a procedural default, a habeas petitioner must persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Cristin, supra. @ 420 (citing Schlup v. Delo, supra @ 339) (internal quotation marks omitted). The court further noted that Cristin failed to proffer new evidence that would absolve him of guilty for the crime of which he was convicted. Id. @ 420. The Court noted that "in certain circumstances, the lack of new evidence is not necessarily fatal to an argument that a petitioner is actually innocent." Id. (citing United States v. Garth, 188 F.3d 99,

A § 2255 petition  (original habeas petition) may, in limited situations, provide an avenue of relief to federal prisoners. See R&R @ p. 4-5. As correctly noted in the R&$, the Third Circuit further explained the relationship between its reasoning in **Dorsainvil** and the saving clause. Id. Simply put, the Third Circuit indicates that "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id @ p. 5 (quoting **Cradle, supra.** @ 539). A claim of actual innocence constitutes extraordinary circumstances. **Schlup v. Delo**, 513 U.S. 598; 115 S.Ct. 851; 130 L.Ed.2d 808 (1995).

In **U.S. v. Maybeck**, the Fourth Circuit noted that the "United States Supreme Court has recognized that it is an unacceptable deviation from our fundamental of actual innocence simply because a defendant has not observed procedural avenues available to him." See **U.S. v. Maybeck**, 23 F.3d 88, 892 (CA 4, 1994). This reasoning was informed by the Supreme Court's decision in **Engle v. Issac**, 456 U.S. 107, 135; 102 S.Ct. 1558, 1575-76; 71 L.Ed.2d 783 (1982), where the court said that since the concepts of cause and prejudice are not rigid, but "take their meaning from ... principles of comity and finality ..., "[i]n appropriate cases those principles must yield to the imperative of correcting a fundamentally unjust incarceration ... [w]e are confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." Id.

In **Murray v. Carrier**, 477 U.S. 478, 496 (1985), the court

--2--

further noted that "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id.

By extention, the Supreme Court noted the unique nature of the death penalty and applied the actual innocence exception in those cases. Sawyer v. Whitley, 505 U.S. 333, 347 (1992). The Court, however, limited its holding on actual innocence to "those elements that render a defendant eligible for the death penalty, and not on additional mitigation evidence that was prevented from being introduced as a result of a claimed constitutional error." Id.

In Cristin v. Brennan, 281 F.3d 404, 421 (CA 3, 2002), the Third Circuit noted that the "courts of appeals have split on the question of whether the miscarriage of justice rationale can extend to non-capital sentencing. Id. (comparing cases). As noted by the court in Cristin, the Fourth Circuit in Maybeck, supra., extended Sawyer to non-capital elements of a career offender determination." Cristin, supra. @ 422 (citing Maybeck, supra. @ 892-94). The Court further noted that a later panel of the Fourth Circuit limited such extentions to "the context of eligibility for application of a career offender or other habitual offender guidelines provision and was held not to extend to non-factual challenges to the application of sentencing enhancements." Cristin, supra. @ 422 (quoting United states v. Mikalajunas, 186 F.3d 490, 495 (CA 4, 1999).

In the case sub judice, Petitioner presents the type of actual innocence claim acknowledged by the Third Circuit in Cristin. Petitioner claims that he is not eligible for application of

--3--

the career offender ehancement because the facts clearly indicate the career offender provision does not apply. Specifically, § 4B1.1 of the guidelines defines a career offender as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. **(U.S.S.G. § 4B1.1)(1994 Ed.)**,

Section 4B1.2(3) defines the term "two prior felony convictions as follows:

> (A) <u>the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense</u> ..., and (B) the sentence for at least two of the aforementioned felony convictions are counted separately under the provision of 4A1.1(A), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established whether by guilty plea, trial or plea of nolo contendere. **(U.S.S.G. § 4B1.2(3))**.

**Facts:**

The indictment in Petitioner's case alleged that the charged conspiracy commenced in January 1993 and the evidence presented by the government at trial posits that he joined the conspiracy shortly before April 1, 1993. The two prior felony convictions relied on are denoted in paragraphs 37-39 of the Presentence Investigation Report ("PSI").[2] These two prior felony conviction

---

2/  Prisoner are not allowed to possess their Presentence Investigation Reports. They have to review such documents in their counselor's office at a time set by the counselor. They can not obtain copies of the PSI, nor is the prisoner assisting Petitioner permitted to review this document. These limitations prevent the assisting prisoners from apprising himself of the factual content of the PSI and articulating a more detailed description of these offense.

occurred on April 7, 1993, hence are contemporaneous with the instant conspiracy conviction. Since the conspiracy conviction did not occur subsequent to the time Petitioner sustained his two prior convictions, he is actually innocence of the career offender enhancement because the two predicate offenses are outside the classification used to trigger the career offender enhancement. See Maybeck, supra. @ 892.

Furthermore, the fact that Petitioner's actual innocence claim does not rely on newly discovered or presented evidence, is not dispositive. "In certain circumstances, the lack of new evidence is not necessarily fatal to an argument that a petitioner is actually innocent." Cristin, supra. @ 420(citing United states v. Garth, 188 F.3d 99, 110 n. 13 (CA 3, 1999). In Garth, the court was "persuaded that the Supreme Court had reinterpreted the statute under which the petitioner was convicted to require more conduct than was allegedly committed." Id. @ 421. Because Garth made a colorable argument that he was actually innocent of the crime, "it was not a question of what new evidence of innocence [Grath] could present, but whether the evidence currently in the record was sufficient to conviction" Id. @ 421.

By application, this rationale extends to non-capital sentencing claims of actual innocence. Here, the record clearly demonstrates that the facts were insufficient to classify Petitioner as a career offender and that therefore he is actually innocent. The proposition that the holding in Dorsainvil does not apply to cases of actual innocence unless such claims are premised upon an intervening change of law is untenable in light of the reasoning contemplated in Cristin. It is tantamount to suggesting that Petitioner's imprisonment to an excessive twenty-three (23) year,

--5--

ten (10) month sentence (i.e. 286 mos.), as opposed to a possible twenty-seven (27) month sentence, is not a fundamental miscarriage of justice, defies logic. See e.g. United States v. George A. Fazekis, Criminal No. 90-118; Civil Action No. 94-1542 (W.D. PA 1996, Diamond, C.J.) (Sentence reduced from thirty to ten years).

Petitioner's case fits squarely within the limited extraordinary circumstance promulgated in Dorsainvil. Therefore, he submits that the Court should reject the recommendation in the R&R and hold that his Court has subject matter jurisdiction to adjudicate this case on the merits.

## CONCLUSION

WHEREFORE, for the reasons above, Petitioner request that the Court the reject the recommendation to dismiss the petition for lack of jurisdiction, and enter an order on the merits.

Date: 8-15-06

John Bax #07328-067
Petitioner/Pro-se
FCI McKean
P.O. Box 8000
Bradford, PA 16707

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date below a true and correct copy of the foregoing was conveyed to prison authorities for mailing in accordance with prison legal mail policy with First Class U.S. postage prepaid and properly addressed to the following parties:

Christy Wiegand
Assistant U.S. Attorney
U.S. Courthouse & Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Susan Paradise Baxter
U.S. Magistrate Judge
United States District Court
Eastern District of Penn.
227 U.S. Courthouse
P.O. Box 1820
Erie, PA 16507

Date: 8-15-06

John Bax #07328-067
Petitioner/Pro-se
FCI McKean
P.O. Box 8000
Bradford, PA 16701

--7--

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date below a true and correct copy of the foregoing was conveyed to prison authorities for mailing in accordance with prison legal mail policy with First Class U.S. postage prepaid and properly addressed to the following parties:

Christy Wiegand
Assistant U.S. Attorney
U.S. Courthouse & Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Susan Paradise Baxter
U.S. Magistrate Judge
United States District Court
Eastern District of Penn.
227 U.S. Courthouse
P.O. Box 1820
Erie, PA 16507

Date: 8-15-06

John Bax #07328-067
Petitioner/Pro-se
FCI McKean
P.O. Box 8000
Bradford, PA 16701

**APPENDIX**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BAX,<br>       Petitioner<br><br>       vs.<br><br>WARDEN, FCI McKEAN<br>       Respondent. | C.A. No. 05-194 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the instant petition for writ of habeas corpus be dismissed as lacking subject matter jurisdiction. A certificate of appealability should be denied.

### II.   REPORT

#### A.   Relevant Factual and Procedural History

Petitioner John Bax, a federal prisoner incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean") in Bradford, Pennsylvania, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his federal conviction and sentence. Specifically, Petitioner claims that his conviction was obtained and/or his sentence was imposed in violation of the fifth and sixth amendments to the United States Constitution (Petition, ¶ 9).

On October 12, 1993, Petitioner was convicted in the United States District Court for the Middle District of Pennsylvania of conspiracy to manufacture and distribute cocaine and "crack." On February 16, 1994, Petitioner was sentenced to serve 286 months' imprisonment under the Career Offender Guidelines, USSG 4B1.1, et seq. (Document # 2, Petitioner's Memorandum, p. 2). The conviction and sentence was affirmed by the Third Circuit Court of Appeals on August 18, 1994. (Id.).

On February 11, 1997, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, claiming that the conviction was obtained and sentence was

1

imposed in violation of the Fifth and Sixth Amendments. In particular, Petitioner argued that his Fifth Amendment rights were violated because: (i) a defective jury charge was given; (ii) a trial witness gave false testimony, thereby depriving Petitioner of a fair trial; (iii) Petitioner was incorrectly classified as a career offender for sentencing purposes; and (iv) Petitioner was entitled to, but was not granted, a federal sentence that would run concurrently with the state sentences he was serving. (Document # 2, Petitioner's Memorandum, at p. 3). Petitioner also raised Sixth Amendment violations based upon ineffective assistance of counsel. (Id. at pp.3-4). By Order dated May 23, 1997, the sentencing court denied Petitioner's § 2255 motion and certified that any appeal taken therefrom would be "frivolous, [would] not [be] taken in good faith, and [would be] lacking in probable cause." (Document # 2, Petitioner's Memorandum, Exhibit A at p. 13). The Third Circuit Court of Appeals subsequently denied Petitioner's application for a Certificate of Appealability on September 24, 1997. (Document # 2, Petitioner's Memorandum, at p. 5).

Petitioner next filed with the sentencing court a motion pursuant to Fed.R.Crim.P. 35(a) and 18 U.S.C. § 3582(c)(1)(A)(i) to correct an "illegal sentence." (Document # 2, Petitioner's Memorandum, at p. 5 and Exhibit A, p. 14). The sentencing court dismissed the motion, finding that Petitioner was ineligible for relief under either Fed.R.Crim.P. 35(a) or 28 U.S.C. § 3582(c)(1)(A)(i). The court noted, however, that Petitioner's claims might be cognizable in a § 2255 motion, but that since Petitioner had already filed one § 2255 motion, he would have to obtain leave from the Third Circuit Court of Appeals to file a second or successive § 2255 motion. (Document # 2, Petitioner's Memorandum, Exhibit A at pp. 14-21). Petitioner, therefore, applied to the Third Circuit Court for leave to file a successive § 2255 motion, but the application was denied on April 20, 2001, because Petitioner failed to allege "newly discovered evidence," and his sentence was within the statutory maximum. (Document # 2, Petitioner's Memorandum, Exhibit A at p. 22).

On June 24, 2005, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence, and alleging that his remedy under 28 U.S.C. § 2255 is inadequate and ineffective.

2

### B.     Claims Generally Cognizable in Federal Habeas Corpus Proceedings

A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980)(the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

As a general proposition "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court. Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). "As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction." Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). A habeas corpus petition pursuant to § 2241 "'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Id., quoting Myers v. Booker, 232 F.3d 902, 2000 WL 159967 at *1 (10th Cir. 2000).

Because Petitioner's claims challenge the imposition of his sentence, rather than the execution of his sentence, a habeas corpus petition filed under § 2241 is not the appropriate

3

vehicle. When a petitioner attempts to seek relief from the imposition of sentence under 28 U.S.C. § 2241, the habeas petition is usually dismissed for lack of subject matter jurisdiction.

Petitioner was convicted and sentenced in the United States District Court for the Middle District of Pennsylvania. His direct appeal of his conviction and sentence was denied by the Third Circuit Court of Appeals, which affirmed the District Court's judgment. Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied by the district court, and his subsequent motion for authority to file a second or successive petition under 28 U.S.C. § 2255 was denied by the Third Circuit Court.

Thus, under § 2241 jurisprudence, the issues raised in the instant petition are not within the jurisdiction of this Court. See Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978) (challenge to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court). This petition represents a collateral attack upon the legality of the sentence as imposed by a district judge in the Middle District of Pennsylvania. Such an attack is properly reserved for a petition filed pursuant to 28 U.S.C. § 2255 in the sentencing court.

### C. The Savings Clause of 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides, in pertinent part:

> an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner seeks to have this Court bestow upon him the benefit of § 2255's savings clause. (Petition at ¶ 12(e)). The Third Circuit has held that a § 2241 petition may (in limited situations) provide an avenue of relief to federal prisoners in accordance with the savings clause

4

provision of § 2255. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The exception specifically outlined in that case is not found here.

In Dorsainvil, this Circuit used the "savings clause" to carve a limited exception to the general proposition that a challenge to a conviction and imposition of sentence by a federal prisoner must be brought only as a § 2255 claim. Id. Importantly, however, the Circuit did not create a § 2241 remedy for every federal prisoner who is unable to file a successive § 2255 petition. Rather, Dorsainvil stands for the proposition that resort to § 2241 habeas corpus relief is warranted under the "unusual circumstances" presented there. The court stated that where "a complete miscarriage of justice" was evident because a prisoner was being punished for "an act that the law does not make criminal thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same complete miscarriage of justice when the AEDPA amendment to § 2255 makes that collateral remedy unavailable." Dorsainvil, 119 F.3d at 251.

The Third Circuit went on to caution:

> we do not suggest that § 2255 would be inadequate or ineffective so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress' intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position -- that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively -- is hardly likely to undermine the gatekeeping provisions of § 2255.

Id. at 251. The court further cautioned that the "holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one." Id.

Recently, the Circuit further expounded on the relationship between its Dorsainvil decision and the savings clause:

> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. *Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.* The provision exists to ensure that petitioners have

5

> a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

Cradle v. United States of America, 290 F.3d 536, 538-39 (3d Cir. 2002) (emphasis added).

Under Cradle, Petitioner's inability to bring a subsequent § 2255 motion does not make that remedy "ineffective or inadequate to test the legality of his detention" so as to allow him to proceed under § 2241.

This petition should be dismissed as lacking subject matter jurisdiction.

### D.     Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III.    CONCLUSION

For the foregoing reasons, this Court recommends that the *Petition for Writ of Habeas*

6

*Corpus* pursuant to 28 U.S.C. § 2241 be dismissed as lacking subject matter jurisdiction.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                S/Susan Paradise Baxter
                SUSAN PARADISE BAXTER
                Chief U.S. Magistrate Judge

Dated: July 27, 2006

cc:    The Honorable Sean J. McLaughlin
        United States District Judge

August 15, 2006

John Bax #07328-067
FCI McKean
P.O. Box 8000
Bradford, PA 16701

Office of the Clerk
United States District Court
Western District of Pennsylvania
227 United States Courthouse
P.O. Box 1820
Erie, PA 16507

Re:   John Bax v. Warden, FCI McKean
      CA No. 05-194 Erie
      District Judge McLaughlin
      Magistrate Judge Baxter


Dear Clerk:

   Enclosed for filing please find the original and one copy for Magistrate Judge Baxter of Petitioner's Opposition To Magistrate Judge's Report and Recommendation" with Certificate of Service.

   Your assistance is greatly appreciated.


Sincerely,

_[signature: John Bax]_

cc: file
  : jc/dnr
  : AUSA Wiegand
  : enclosure