## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN BAX,                        :
                                 :
        Petitioner,              :
                                 :
                                 :
    -vs-                         :
                                 :
                                 :
WARDEN, FCI MCKEAN,              :    C.A. NO. 05-194
                                 :
        Respondent.              :    JUDGE: MCLAUGHLIN
                                 :    MAGISTRATE: BAXTER
                                 :
                                 :

---

### CONSOLIDATED MOTIONS FOR, AND BRIEFS IN SUPPORT OF:

### WITHDRAWAL OF JUDGE MCLAUGHLIN'S ORDER OF    /    /

### ADOPTING MAGISTRATE BAXTER'S REPORT AND RECOMMENDATION

### AND ENLARGEMENT OF TIME TO FILE OBJECTIONS TO SAME

NOW COMES John Bax, Pro Se (Petitioner); and hereby respectfully submits his Consolidated Motions and Briefs seeking this Honorable Court to Withdraw its Order of 8 /22 / 06, Adopting Magistrate Baxter's Report and Recommendation (R&R) to Dismiss his pending habeas corpus petition (Petition). And additionally, seeks the Court to Enlarge the Time to file Objections to the R&R in order to entertain the Objections "filed" by Petitioner and presently on this Court's Docket.

As set forth more fully below, Petitioner "filed" his Objections in a timely manner by surrendering his Objections to the prison officials on August 15, 2006. See: Certificate of Service to Petitioner's Opposition to Magistrate Judge's [R&R], at 7; and

<u>Houston v. Lack</u>, 487 US 266 (1988) (holding that prisoner pleading surrendered to prison officials on date due was "timely filed"), and its progeny.


## JURISDICTION

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgement, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ...; (6) any other reason justifying relief from the operation of the judgement....

Federal Rules of Civil Procedure, Rule 60.   (F.R.Cv.P).

> **(b) Enlargement.** When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... or (2) upon motion made after expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; ....

F.R.Cv.P, Rule 6.


## PROCEDURAL BACKGROUND

Petitioner presently has pending Petition for Writ of <u>habeas</u> <u>corpus</u> in this Court.  The Magistrate Judge Baxter had Issued a R&R suggesting the Dismissal of the Petition for lack of jurisdiction by the Court.

Petitioner had subsequently filed for, and was Granted, an Enlargement of Time to file his Objections as per 28 U.S.C. §636(b).  The date for the filing of said Objections is/was August 18, 2006.

In compliance with the Court's Order Enlarging the Time; Petitioner had compiled his Objections and weighed them in the

2

on the prison law library's postal scale.  He then affixed the proper postage, as per the scale, to both the Court's copy and the envelope containing the U.S. Attorney's copy.

Petitioner then proceeded to the prison official at the dining hall who was designated to receive inmate legal mail for mailing.  The official accepted the envelopes and proceeded to mail them.  Said date being August 17, 2006.  See: Exhibit A, photocopy of the front and back of the envelop for the Court which was returned to the prison for insufficient funds.

Unfortunately, Petitioner did not get the returned mail from the prison officials until August 21, 2006, -- four (4) days after it was taken to the U.S. Postal Office and returned for lack of postage.  So Petitioner immediately affixed the additional postage to the envelope and the prison officials re-mailed the envelope to the Court.

Petitioner would note for the Court that he did not receive the envelope back for the U.S. Attorney's Office; so the error in the postage by the prison law library scale was not great enough to cause that one to be returned.

But either way, Petitioner's pleading, to wit, the Objections to the R&R; had been, and were at all times, in the care and custody of the prison officials entrusted with prisoner mail. And same was initially surrendered before the due date for the pleading to be filed, hence it was "filed" on time unbeknownest to the Court.


**DISCUSSION**

Petitioner will not belabor this Honorable Court with an

3

extended argument for the Withdrawing of the Court's Adoption

of the Magistrate's R&R and/or Enlargement of Time to File Objections.

Same is so as this Court was unaware that the Petitioner had

filed his Objections in a timely manner by surrender to the

prison officials.  Had the Court known and been in actual physical

possession of said Objections, the Court could have undertaken

the de novo review mandated by statute.

But as the Court was not in actual physical possession

of the Objections, it inadvertently ruled on the R&R as unopposed

by the parties.  When, in fact, there were timely filed Objections

by the most interested party -- to wit, Petitioner.  But due

to the failure of the prison postal scale, Petitioner's envelope

was not affixed with sufficient postage to have same delivered

to the Court.  Had the scale properly advised Petitioner the

needed postage, he would have affixed same.  In fact, as soon

as the prison officials informed him of same, he immediately

affixed the additional postage and the officials forwarded the

envelope to the Court. (As a side note, Petitioner has filed

a Request to Staff at the Education Department seeking the inspection

of the prison law library postal scale to insure its accuracy.)

Succinctly, Petitioner deems that the inadvertent Ruling

by the Court on the pending R&R without Objections is inadvertent

err and excusable neglect on both the Court and Petitioner.

Notwithstanding same, the just and equitable thing to do is

to rescind the Order of 08/22/06 and entertain the Objections

"filed" by Petitioner and presently pending before the Court.

This is so as either way, as per Supreme Court case law, Petitioner's

pleading was, at all times, in the custody of the prison officials

and therefore "filed".

> Rule 6(b) providing for enlargement of time after
> expiration of specified period where failure to act
> was result of excusable neglect must be liberally construed
> in order that litigant be given opportunity to be heard
> and given their day in court so that justice may be
> served. Anderson v. Stanco Sports Library, Inc. (1971,
> DC SC) 52 FRD 108, 15 FR Serv 2d 207.

USCS Federal Rules of Civil Procedure, Rule 6. Note 27. Construction.

In sum, as the Supreme Court has stated, the underlying principle is that Petitioner must be afforded his "one full bite of the apple of justice". Without same the entire American Jurisprudence is suspect and the abolishment of the traditional common law of pleading, for the more liberal and "user friendly" federal code and rules, would be for naught. Citations omitted for brevity.

In the alternative, and in conjunction with the above, Petitioner has included a Jurisdictional reference to the Rules of Civil Procedure Rule 6 for the Enlarging of prescribed time periods. This is so as the Court may find that it is necessary for the Enlargement of time to file the Objections in lieu of them being considered "filed" with the Court. Which, in and of itself, would also be an equitable and just handling of Petitioner's cause to have the Objections accepted and the statutory de novo review done. There is no justifiable reason for not granting an extension of time to file the referenced Objections post-due date.

Petitioner submits that had he become aware of the actual shortage of postage on his filing the date it was taken to the post office, or the next day, he could have timely filed a Motion for Enlargement of Time to file his Objectinos and same would

have been Granted as it would have been a request for a minimal

extension.  <u>See</u>: Exhibit A, Petitioner's signature and receipt

date of 08/21/06, when returned to him.  (Upper right-hand corner

under postage).  But Petitioner was not able to file for an

additional extension merely because he was not aware that he

required same.


### CONCLUSION

In sum, Petitioner now comes before the Court in a timely

manner and pursuant to the Federal Rules of Civil Procedure

seeking the Court to entertain his timely filed statutorily

enjoined Objections.  And Petitioner submits that the equitable

and just manner to deal with his request is to Grant his request

to Withdraw the Court's Order of August 22, 2003, and accept

the (unbeknownest) timely filed Objections to Magistrate Judge

Baxter's Report and Recommendation.

And should the Court deem necessary, because of the excusable

neglect of lack of postage due to misdirection of prison law

library scale direction(s), Enlarge the Time to File the Objections

in order to accept them.  This will allow the Court to overlook

the err in light of uncontrollable circumstances -- or at least

outside the control of Petitioner -- of not affixing enough

postage and the pleading being returned to Petitioner.

WHEREFORE PETITIONER PRAYS, that the Honorable Sean J.

McLaughlin will Grant his Motion to Withdraw the Court' Order

of August 22, 2006, and accept his Objections as presently filed

with the Court and conduct the <u>de</u> <u>novo</u> review pursuant to statute.

AND FURTHER MORE, Grant Petitioner any additional Relief

the Court deems just and proper.

                                        Respectfully Submitted,


## DECLARATION

I, John Bax, hereby declare and affirm, under the penalty
of perjury pursuant to 28 U.S.C. §1746(2), that the foregoing
pleading is true and correct to the best of my knowledge, recollection
and belief, this 24th day of August, 2006.


                                        _John Bax_____
                                        John Bax, Pro Se
                                        Fed. Reg. No. 07328-067
                                        FCI McKean
                                        P.O. Box 8000
                                        Bradford, PA 16706


## CERTIFICATE OF SERVICE

I, John Bax, hereby certify that I served, by first-class
postage prepaid surrender to the prison officials, true and
correct Originals of the foregoing pleadings and accompanying
Declaration, this 24th day of August, 2006, to:

1. Clerk of the Court          2. Gregory Melucci
   U.S.D.C. for W.D. PA           Asst. U.S. Attorney
   P.O. Box 1820                  700 Grant St., Ste. 400
   Erie, PA 16501                 Pittsburgh, PA 15219


                                        _John Bax_____
                                        John Bax, Pro Se
                                        Fed. Reg. No. 07328-067
                                        FCI McKean
                                        P.O. Box 8000
                                        Bradford, PA 16701

JOHN BAX #07328-067
FCI MCKEAN
P.O. BOX 8000
BRADFORD, PA 16701

LEGAL MAIL

FEDERAL CORRECTIONAL INSTITUTION, MCKEAN
P.O. BOX 5000    DATE 08-17-06
BRADFORD, PA 16701
The enclosed letter was processed through special mailing procedures
for forwarding to you. The letter has neither been opened nor
inspected. If the writer raises a question or problem over which
this facility has jurisdiction, you may wish to return the material
for clarification. If the writer encloses
information or clarification to another addressee, please return





EX - A

John Bax                                                                August 24, 2006
Fed. Reg. No. 07328-067
FCI McKean
P.O. Box 8000
Bradford, PA 16701

Clerk of the Court
U.S.D.C. for W.D. PA
P.O. Box 1820
Erie, PA 16501

RE:  JOHN BAX V. WARDEN, FCI MCKEAN, C.A. #05-194.

Dear Sirs:

     Please find enclosed my Consolidated Motions for Withdrawing Judge McLaughlin's
Order of 08/22/06 and Enlargement of Time to File Objections.
     I believe that you will find everything that you need, including the
Exhibit A to the Motion.  Should you find that you require more, please contact
me at the above address.
     As always, I thank you for your time and efforts in assisting me in
staying prompt and timely before the Court.


Sincerely,

John Bax


enc. YES
cc.  FILE; U.S. ATTORNEY.