HLD-44 (January 2007)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4187

JOHN BAX,
    Appellant

vs.

WARDEN FCI MCKEAN

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00194)
District Judge: Honorable Sean J. McLaughlin

Submitted For Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2007

Before:  SCIRICA, Chief Judge, WEIS AND GARTH, Circuit Judges

(Filed: January 31, 2007)

OPINION

PER CURIAM.

    Appellant John Bax, a federal prisoner incarcerated at the Federal

Correctional Institution at McKean in Bradford, Pennsylvania, appeals the order entered

by the United States District Court for the Western District of Pennsylvania dismissing his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

Bax was convicted in 1993 of conspiracy to manufacture and distribute cocaine and crack. Bax was sentenced to serve 286 months of imprisonment under the career offender guidelines. Bax's conviction and sentence were affirmed by this Court in 1994. In 1997, Bax filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. This motion was denied, as was Bax's application to this Court for a certificate of appealability. Bax thereafter filed an unsuccessful motion pursuant to Federal Rule of Criminal Procedure 35(a) and 18 U.S.C. § 3582(c)(1)(A)(I). Subsequently, Bax applied to this Court for authorization to file a second or successive § 2255 motion, but this application was denied.

In his current § 2241 petition, Bax argues that his conviction and sentence violated the Fifth and Sixth Amendments to the Constitution. The District Court dismissed Bax's § 2241 petition for lack of subject matter jurisdiction, concluding that it constituted a collateral attack upon the legality of his sentence, and that Bax's inability to bring a subsequent § 2255 motion did not make that remedy "ineffective or inadequate" to test the legality of his detention. On appeal, Bax contends that the § 2255 "safety valve" should apply to him because he is "actually innoc[ent] of the elements needed to subject him to the substantial career offender enhancement . . . ."

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because there is no substantial question on appeal, the District Court's order will be affirmed.

Motions pursuant to 28 U.S.C. § 2255 "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted). Unless a § 2255 motion would be "inadequate or ineffective," a habeas corpus petition under § 2241 cannot be entertained by the court. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Section 2255 is not inadequate or ineffective merely because a petitioner is unable to meet its stringent gatekeeping requirements. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the "safety-valve" provided under § 2255 is extremely narrow, and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120.

Bax's claims fall within the purview of § 2255 because they challenge the validity of his conviction and sentence. We agree with the District Court that Bax has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented here. This is not a situation where Bax has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal. Indeed, Bax has already challenged – albeit unsuccessfully – being sentenced as a career offender in his prior § 2255 motion. Accordingly, we need not reach the question of whether a prisoner can be actually innocent of being a career offender.

For these reasons, we agree with the District Court's conclusion that it

could not entertain Bax's petition. We also conclude that the District Court did not abuse its discretion in denying Bax's motion for reconsideration. We will, therefore, summarily affirm the District Court's orders.